FILED

2002 JUN 20 PM 1:42

CLERK OF COURT
U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF LA.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

IN RE:

THE BELL FAMILY TRUST,                 CASE NO. 02-50477

   Debtor                                         Chapter 7

---

### REASONS FOR DECISION

---

The Bell Family Trust ("Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on March 8, 2002, and on that day an order for relief was duly entered. W. Simmons Sandoz ("Trustee") is the duly appointed, qualified and acting trustee in this case.

The voluntary petition, as well as the schedules and statements filed in this case, suggest that the Debtor may not be qualified to seek relief under the Bankruptcy Code as it is neither an individual, partnership or corporation. See 11 U.S.C. §§ 109(a) and (b), 101(9) and (41). Observing this issue, the Trustee filed his **APPLICATION TO DETERMINE ELIGIBILITY OF DEBTOR** ("Application"). A hearing on the Application was held on June 4, 2002. After hearing the evidence and from parties in interest, the matter was taken under advisement. Post-hearing memorandum were received from Mr. Ackermann, counsel for various parties who are beneficiaries of the Debtor and from Mr. Keating, counsel for the Debtor.



A corporation, which is a "person" under section 101(41), is eligible to file for chapter 7 relief under section 109(b). The issue presented by the Application is whether the Debtor comes within the definition of "corporation" contained in section 101(9). That section provides that "'corporation' . . . includes . . . (v) business trust; . . . ." Thus, the eligibility of the Debtor revolves around that question—is the Debtor a "business trust"?

As pointed out by counsel in their memorandum, the Bankruptcy Code does not provide a definition for "business trust." Nor do the laws of Louisiana provide for this form of entity.

In an unpublished decision, In re Kenneth Allen Knight Trust, 121 F.3d 708 (6th Cir. 1997)(ref. table), the court reviewed the jurisprudence in order to come up with a profile for a business trust:

> Courts have not adopted a uniform definition of business trust for purposes of the Bankruptcy Code. Because the Code defines a business trust as a species of corporation, courts examine the trust at issue and pronounce it a business trust when it has the attributes of a corporation. *In re Secured Equip. Trust of E. Air Lines, Inc.*, 38 F.3d 86, 89 (2d Cir.1994) (citing *In re Woodsville Realty Trust*, 120 B.R. 2, 3 (Bankr.D.N.H.1990)); *In re Affiliated Food Stores, Inc. Group Benefit Trust*, 134 BR. at 217; *In re DeHoff Trust I*, 114 B.R. 189, 191 (Bankr.W.D.Mo.1990); *In re Faber Trust*, 113 B.R. 599, 600-01 (Bankr.D.N.D.1990)). Most courts rely upon the analysis set forth in *In re Treasure Island Land Trust*, 2 B.R. 332, 334 (Bankr.M.D.Fla.1980), when determining whether a trust qualifies as a business trust. In that decision, the bankruptcy court described the primary differences between business trusts and

2

nonbusiness trusts as follows:

> The basic distinction between business trusts and nonbusiness trusts is that business trusts are created for the purpose of carrying on some kind of business or commercial activity for profit; the object of the nonbusiness trust is to protect or preserve the trust res. The powers granted in a traditional trust are incidental to the principal purpose of holding and conserving particular property, whereas the powers within a business trust are central to its purpose. It is the business trust's similarity to a corporation that permits it to be a debtor in bankruptcy.

*Id.* Thus, trusts created with the primary purpose of transacting business or carrying on commercial activity for the benefit of investors qualify as business trusts, while trusts designed merely to preserve the trust res for beneficiaries generally are not business trusts. *In re Medallion Realty Trust,* 103 B.R. 8, 11 (Bankr.D.Mass.1989); *In re Gonic Realty Trust,* 50 B.R. at 713; *In re Tru Block Concrete Prods., Inc., Liquidating Trust,* 27 B.R. 486, 490 (Bankr.S.D.Cal.1983). Ultimately, the determination is fact-specific, and it is imperative that bankruptcy courts make thorough and specific findings of fact to support their conclusions. *In re Cooper Properties Liquidating Trust, Inc.,* 61 B.R. 531, 536 (Bankr.W.D.Tenn.1986); *In re Gonic Realty Trust,* 50 B.R. at 713.

The court concludes that the Debtor was created for the primary purpose of transacting the business activity commenced by its settlor, Wilfred Bell. Mr. Bell had been an active farmer for many years, and only his advancing years and poor health kept him from this endeavor. Also, as a landowner in South Louisiana, he had an ongoing interest in mineral exploration and development. Continuation of these activities was the motivating cause behind

3

the creation of the Debtor. In addition, the court adopts the analysis set forth by Mr. Keating's analysis in his memorandum regarding the factors set forth in <u>Morrissey v. Commissioners of the Internal Revenue Service</u>, 296 U.S. 344, 56 S.Ct.289, 80 L.Ed. 263 (1935). This analysis further supports the conclusion that the Debtor is a business trust.

The concerns raised by Mr. Ackermann in his memorandum relate to the effect of the transfer(s) of some of the Debtor's assets and whether this has an impact on the Debtor being considered a business trust at the present time. The court concludes that the nature of the entity is determined at the time of its creation, and, therefore, the transfer of the assets would not cause the Debtor to lose this designation. In any event, however, the Debtor does retain some assets with which business activity was being pursued.

For the foregoing reasons, the court concludes that the Debtor is a business trust and therefore eligible for relief as a debtor under chapter 7. A separate order in conformity with these reasons has this day been entered into the record of this proceeding.

**THUS DONE AND SIGNED** in Chambers, at Opelousas, Louisiana, on June 20, 2002.

Gerald H. Schiff
United States Bankruptcy Judge

COPY SENT
Date: 6-20-02
By:
To: